IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 4:22-CR-149 |
| ) | |
| JORDAN HARRIS ) | |

PLEA AGREEMENT

Defendant Jordan Harris, represented by Defendant's counsel Scott G. Reddock, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2422(b).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) the defendant knowingly persuaded, induced, enticed, or coerced Jane Doe #1 to engage in sexual activity as charged; (2) the defendant used a cellular telephone and the internet to do so; (3) when the defendant did these acts, Jane Doe #1 was less than 18 years old; and (4) one or more individuals engaging in the sexual activity could have been charged with a criminal offense under the law of Georgia.

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the

offense's required elements: between on or about November 25, 2021, and October 3, 2022, the exact dates being unknown to the grand jury, in Chatham County, within the Southern District of Georgia, and elsewhere, Defendant, did use facilities of interstate commerce, that is, cellular telephones and the internet, to knowingly persuade, induce, and entice Jane Doe #1, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with an offense under the laws of the state of Georgia, that is, the crime of child molestation, in violation of Ga. Code Ann. 16-6-4, all in violation of Title 18, United States Code, Section 2422(b).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject Defendant to a mandatory minimum sentence of not less than ten years imprisonment and up to life, not less than 5 years supervised release and up to life, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction. Defendant is also subject to a second special assessment of $5,000 pursuant to 18 U.S.C. § 3014.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw

2

Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense

level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7. <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8. <u>No Additional Federal Charges</u>

The government agrees it will not file additional federal charges relating to Defendant's conduct concerning identified minor victims #2 through #8, identified from a search of Defendant's iPhone 7 Plus cell phone, serial number F71WFAY1HG70. The government reserves the right to use Defendant's conduct concerning identified minor victims #2 through #8 at sentencing.

9. <u>Recommendation to District Attorney's Office</u>

The government agrees to recommend to the District Attorney's Office for the Eastern Judicial Circuit of Georgia that it not file additional state charges related to Defendant's conduct in the Indictment.

10. <u>Abandonment of Property</u>

Defendant waives and abandons Defendant's interest in any property that may have been seized in connection with this case, including but not limited to the cell phones seized in this case.

4

11. <u>Financial Obligations and Agreements</u>

   a. <u>Restitution</u>

   The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty, including restitution relating to Jane Doe #1 in the Indictment and minor victims #2 through #8, identified from a search of Defendant's iPhone 7 Plus cell phone, serial number F71WFAY1HG70. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

   b. <u>Special Assessment</u>

   Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

12. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or

(3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

13. <u>Sex Offender Registration</u>

Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of Defendant's supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout Defendant's life.

14. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

15. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

16. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of

this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

17. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

_____   _____
Date                                                    Patricia G. Rhodes
                                                              Chief, Criminal Division


                                                       _____
May 19, 2023                                 Tania D. Groover
Date                                                   Georgia Bar No. 127947
                                                              Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

5/15/23
Date

*Jordan Harris*
Jordan Harris
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

5/15/23
Date

Scott G. Reddock
Defendant's Attorney