IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 4:22-cr-00149 |
| JORDAN HARRIS, | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

Through counsel, JORDAN HARRIS files the following Sentencing Memorandum ("Memorandum"), setting forth factors that the Court should consider in determining what type and length of sentence is sufficient. The Memorandum incorporates by reference all factual and background information as set forth in the Presentence Investigation Report ("PSR") in mitigation of, and request for, any and all further leniency from the Court.

### 3553 FACTORS IN MITIGATION OF SENTENCE

In *United States v. Booker*, the United States Supreme Court held that the federal sentencing guidelines were "effectively advisory." *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Under *Booker*, sentencing courts must treat the guidelines as one of many sentencing factors set forth in 18 U.S.C. §3553(a). The primary purpose of Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1));

(2) "the kinds of sentences available" (§3553(a)(3));

(3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6)); and

(4) "the need to provide restitution to any victims of the offense." (§3553(a)(7)).

Other statutory sections also give sentencing court direction in sentencing, including 18 U.S.C. §3661, under which "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Therefore, the Defendant asks this Court to consider the following evidence submitted as it relates to the sentencing factors set forth in §3553(a), specifically subsections 3553(a)(1) and (a)(3) pertaining to the circumstances of the offense, characteristics of the defendant, and the need to avoid unwarranted sentencing disparities:

a. **CIRCUMSTANCES OF THE OFFENSE**

At the time of this offense, Mr. Harris was 23-24 years old, an age at which many young adults are still in college (Mr. Harris was himself in a vocational training program).  Mr. Harris, like many young men his age, demonstrated immaturity, naivete, and irresponsibility, albeit in this case in a very serious manner.  Being not far out of high school himself, he blurred the lines between having a relationship with an adult female nearer to his own age and that of a minor still in high school.  In doing so, however, Mr. Harris failed to abide by our society's strict protections of minors.[1]

Although Mr. Harris is entirely culpable for his actions, the participation of MV1 in the planning of Harris's trip to pick her up, as well as her encouragement of that plan, should be considered by the Court.  See p. 25, 10-15 of Rule 11 Hearing, attached as Exhibit "B"; see also PSR ¶ 10.  In addition, Mr. Harris engaged in no coercive acts and abided by MV1's wishes. PSR ¶ 14.  Finally, when Mr. Harris was arrested, he waived his right to silence and right to an attorney and allowed himself to be interviewed by investigators.  Rule 11 Hearing Tr. p. 30, 11-19.

---

[1] It is worth noting that the average age of federal sexual abuse offenders in FY 2022 was 39 years old, i.e. on the cusp of middle-age, and hence Mr. Harris, in terms of the maturity and judgment that generally comes with age, is on the younger end of the offender age spectrum.  See "Quick Facts on Sexual Abuse Offenders" attached as Exhibit "A."

b. **JSIN**

According to JSIN, the average sentence for a defendant under guideline §2G1.3 at Offense Level 34, Criminal History I, was 137 months (median 144 months). A copy of the JSIN analysis is attached hereto as Exhibit "C." A sentence of 151 months as recommended by the United States Probation Office would be well above the average for a similar offender. Therefore, the requested sentence of <u>120 months</u>, while still substantial and serving the purposes of sentencing outlined in 3553(a)(2), would also serve to avoid any unwarranted sentencing disparities.

c. **TWO LEVEL ENHANCEMENT FOR USE OF A COMPUTER AS PART OF OFFENSE CONDUCT**

Mr. Harris's offense level was increased by two levels because he used a "computer or interactive computer service" as part of his offense conduct. <u>See</u> PSR ¶ 25  This 2-level enhancement adds 30 months to the low end of Mr. Harris's guideline range. In Mr. Harris's case, the "computer" he used was his mobile "smart" phone. Technically this enhancement does apply to Mr. Harris's guidelines, and therefore he had no grounds to object to this enhancement. However, given the current wide use and ubiquity of "smart" phones as both computer and as the primary means of telecommunication for many, especially persons of Mr. Harris's age cohort, this enhancement now seems outdated. In <u>Selley v. United States</u>, No. 2:15-cr-1 (Doc. 59), this

Court agreed with a similar argument in finding that this "use-of-computer" enhancement was "antiquated." (See pp. 27-28, transcript of Defendant Selley's sentencing hearing attached as Exhibit "D").

## REQUEST FOR PLACEMENT

Mr. Harris requests a recommendation from this Court for placement at either FCI Danbury in Connecticut or FCI Fort Dix in New Jersey in order to be close to his mother.

## CONCLUSION

In light of the foregoing, Mr. Harris respectfully requests a sentence of **120 months**.

Respectfully submitted this 30th day of October, 2023.

/s/ Scott G. Reddock
Scott G. Reddock
Georgia Bar No. 476162
Attorney for the Defendant

Scott G. Reddock
Attorney at Law, LLC
111 West Court St.
Hinesville, Georgia 31313
Phone: (912) 332-7077
Fax: (912) 332-7179

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served opposing counsel in this case by electronic filing.

Respectfully submitted this 30th day of October, 2023.

/s/ Scott G. Reddock
Scott G. Reddock
Georgia Bar No. 476162
Attorney for the Defendant

111 West Court St.
Hinesville, Georgia 31313
Phone: (912) 332-7077
Fax: (912) 332-7179